UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NORRIS WENTZ and wife ) | |
| THERESA WENTZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 3:05-cv-368 |
| ) | (VARLAN/SHIRLEY) |
| BEST WESTERN INTERNATIONAL, INC.; ) | |
| PAUL W. MAPLES, JR.; ) | |
| BEST WESTERN VALLEY VIEW LODGE; ) | |
| and VALLEY VIEW LODGE, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on four motions: (1) plaintiffs' Motion for Enlargement of Time to File Motion to Substitute Party Plaintiff [Doc. 29]; (2) plaintiffs' Motion for Substitution of Party [Doc. 28]; (3) defendants' Motion Strike Plaintiffs' Motion for Substitution of Party [Doc. 34]; and (4) defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Doc. 25]. The Court has carefully reviewed the pending motions in light of the briefs submitted in support of and opposition to the motions [Docs. 26, 27, 30, 31, 33, 35, 37, 38] and the applicable law. The Court will address the disposition of each motion in turn.

**I.      Relevant Facts**

Plaintiffs, Norris Wentz and his wife Theresa Wenz, filed this personal injury action in this Court on July 25, 2005, seeking damages from defendants, Best Western International, Inc., Paul W. Maples, Jr., Best Western Valley View Lodge, and Valley View Lodge, Inc., as a result of water burns sustained by Mr. Wentz when he and Mrs. Wentz were guests at the Best Western Valley View Lodge in Townsend, Tennessee on April 19, 2005. [Doc. 1 at ¶¶ 8, 16.] Mr. Wentz brought claims seeking damages for negligence, breach of implied and express warranties, and misrepresentation, [*id.* at ¶¶ 17-22], while Mrs. Wentz sought damages for loss of consortium [*id.* at ¶ 23].

On September 24, 2006, Mr. Wentz died in Tyler, Texas. [Doc. 25, Ex. 1.] As a result, defendants filed a Suggestion of Death [Doc. 21] on November 13, 2006 and served it upon counsel for Mrs. Wentz. Pursuant to Federal Rule of Civil Procedure 25(a)(1), the death of Mr. Wentz and the accompanying filing of the suggestion of death by defendants resulted in Mrs. Wentz having ninety days in which to make a motion for substitution of parties in order to continue Mr. Wentz's legal representation in the action or else risk his claims being dismissed. FED. R. CIV. P. 25(a)(1).

On February 16, 2007, defendants filed their motion to dismiss [Doc. 25], stating as grounds Mrs. Wentz's failure to timely file a motion for substitution. [Doc. 25 at ¶ 5,8.] On February 20, 2007, Mrs. Wentz filed a response [Doc. 27] to defendants' motion to dismiss, as well as a motion for substitution of a party [Doc. 28] and a motion for enlargement of time in which to file a motion for substitution of a party [Doc. 29].

**Analysis**

    A.    <u>Motion for Enlargement of Time</u>

Mrs. Wentz (hereinafter, "plaintiff"), pursuant to Federal Rule of Civil Procedure 6(b), has filed a motion for enlargement of time [Doc. 29], in which she seeks an extension of time to file a motion to substitute a party to allow her to pursue the claims of Mr. Wentz.[1] As grounds for this motion, plaintiff makes two arguments. First, plaintiff contends that the suggestion of death filed by defendants [Doc. 21] was defective because it did not identify the successor or representative of Mr. Wentz. [Doc. 29 at 1.] Second, plaintiff argues that her failure to timely file a motion to substitute a party should be excused because she was operating under the assumption that Federal Rule of Civil Procedure 25(a)(2) allowed her to automatically proceed in the action on behalf of Mr. Wentz. [Doc. 30 at 1-2.]

In response [Doc. 35], defendants argue that plaintiff has not met her burden of showing that her failure to timely file a motion to substitute a party was a result of excusable neglect, both because plaintiff has "not set forth any conduct or omissions from which the Court could determine that 'excusable neglect' actually occurred," [Doc. 35 at 3], and because plaintiff's claimed uncertainty as to whether a motion for substitution needed to be

---

[1] Plaintiff has moved for the substitution of a party pursuant to Federal Rule of Civil Procedure 25(a)(1), [Doc. 28], which provides that "[t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party...." FED. R. CIV. P. 25(a)(1). Rule 25(a)(1) further provides that "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." *Id.*

3

filed does not constitute excusable neglect because it resulted from plaintiff's misinterpretation of Federal Rule of Civil Procedure 25(a)(2). [*Id.* at 4.]

Federal Rule of Civil Procedure 6(b) provides that a motion for enlargement of time may be granted, within a court's discretion, "where the failure to act was the result of excusable neglect." FED. R. CIV. P. 6(b). The burden of showing that such failure to act was the result of excusable neglect is on the party requesting the extension. *Id.* Under Sixth Circuit case law, such neglect exists "where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). The Supreme Court has noted that while mere inadvertence does not usually constitute excusable neglect for the purposes of Rule 6(b), the term is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Thus, whether neglect is excusable is an equitable determination based on consideration of all relevant circumstances surrounding the party's omission, including the reason for the delay as well as the length of the delay and its impact on judicial proceedings. *Turner*, 412 F.3d at 650. Most recently, the Sixth Circuit has observed that "attorney error of inadvertence will not ordinarily support a finding of excusable neglect." *Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 429 (6th Cir. 2006).

First, as to plaintiff's argument that defendants' suggestion of death was somehow defective, the Court notes that there is nothing in the Federal Rules of Civil Procedure requiring that a suggestion of death contain particular information beyond "a statement of

the fact of the death." FED. R. CIV. P. 25(a)(1). Thus, defendants' suggestion of death is not defective and will not, by itself, justify the granting of plaintiff's motion for enlargement of time. As to plaintiff's claimed reason for failing to timely file a motion to substitute a party, the Court agrees with defendants that plaintiff misinterpreted Federal Rule of Civil Procedure 25(a)(2) in believing that the rule resulted in Mr. Wentz's causes of action immediately accruing to her. Instead, Rule 25(a)(2) applies in situations where "one of several plaintiffs or one of several defendants dies" and results in the action not abating "with regards to the other parties even if it does abate with regards to the party who has died." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1954. Here, this would mean that any claims plaintiff herself is asserting are not *ipso facto* terminated on account of Mr. Wentz's death. It does not, however, mean that plaintiff automatically becomes the representative of Mr. Wentz for the purposes of continuing to assert his claims without filing the requisite motion for substitution.

With regards to this misinterpretation by plaintiff, multiple courts have expressly held that such misapplication or misunderstanding of Rule 25 does not constitute excusable neglect for the purposes of Rule 6(b). *E.g., Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) ("the misapplication or misreading of the plain language of Rule 25 does not establish excusable neglect."); *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985) ("[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules."). Given that this is the only reason plaintiff has put forward for her failure to timely file a motion to substitute a party,

the Court finds that plaintiff has not shown that this failure was the result of excusable neglect. While plaintiff only missed the ninety-day deadline for filing the motion for substitution by eight days, the Court cannot ignore the fact that plaintiff's motion for enlargement of time in which to file the motion for substitution was filed just four days after defendants filed their motion to dismiss, which states as its primary ground for dismissal plaintiff's failure to file a motion for substitution. [*See* Doc. 25 at ¶ 5.] The Court is therefore left with the indelible impression that plaintiff likely would not have filed this motion for enlargement and accompanying motion for substitution had defendants not filed their motion dismiss.[2] Accordingly, the Court finds that plaintiff has not shown that her failure to file the motion for substitution was a result of excusable neglect and thus, plaintiff's Motion for Enlargement of Time to File Motion to Substitute Party Plaintiff [Doc. 29] will be denied.

B. Motion for Substitution of Party

Because the Court is denying plaintiff's motion for enlargement of time, the Court will also deny plaintiff's Motion for Substitution of Party [Doc. 28] by virtue of this motion being untimely under Federal Rule of Civil Procedure 25(a)(1) because it was not filed within ninety days of the suggestion of death of Mr. Wentz, [Doc. 21], filed by defendants on November 13, 2006. FED. R. CIV. P. 25(a)(1). As a result, this action shall be dismissed

---

[2]Indeed, plaintiff admits as much when she notes that she did not move to substitute a party because of "reasonable uncertainty of the necessity of filing," [Doc. 29 at 2], and her statement that she has now moved to be substituted for Mr. Wentz only "out of an abundance of precaution." [Doc. 30 at 2.]

6

as to Mr. Wentz, *id.*, and defendants' Motion to Strike Plaintiffs' Motion for Substitution of Party [Doc. 34] will be denied as moot.

    C.    <u>Motion to Dismiss</u>

Defendants, pursuant to Federal Rules of Civil Procedure 12 and 56, have filed a motion to dismiss this action against defendants. [Doc. 25]. As grounds for this motion, defendants argue that plaintiff's failure to timely file a motion to substitute a party results in the extinguishment of Mr. Wentz's claims and as a result, plaintiff's claim for loss of consortium fails as a matter of law. [Doc. 26 at 3-4.] In a two-page response, plaintiff argues that the Court should grant her motion for enlarging the time in which to substitute a party and therefore overrule defendants' motion to dismiss. [Doc. 27 at 1-2.] Plaintiff does not contest that her claim for loss of consortium would fail as a matter of law if Mr. Wentz's claims were dismissed.

A crucial element of a plaintiff's claim for loss of consortium in Tennessee is that the defendant in question must be proven liable for the injuries to the spouse giving rise to the loss of consortium claim. *See, e.g., Swafford v. City of Chattanooga*, 743 S.W. 2d 174, 178 (Tenn. Ct. App. 1987) (noting that "a husband's or wife's claim for loss of consortium will always be 'derivative' in the sense that the injuries to his or her spouse are an element and must be proved"); *Rains v. Bend of the River,* 124 S.W.3d 580, 598 (Tenn. Ct. App. 2003) (holding that "[c]laims for loss of consortium damages cannot exist independently from the claim that the defendant's 'wrongful act, fault, or omission' caused the decedent's death. Thus, consortium damages cannot be awarded without proof that the defendant committed

a 'wrongful act, fault, or omission' and that this wrongful act caused the decedent's death."); *Clark v. Shoaf*, — S.W.3d —, 2006 WL 859197 at *2 (Tenn. Ct. App. April 4, 2006) (noting that although a claim for loss of consortium is a distinct and independent action, it is derivative in that it originates from or owes its existence of the spouse's claim). Accordingly, because plaintiff cannot prove that Mr. Wentz's injuries were caused by defendants by virtue of his claims being dismissed, plaintiff's claim for loss of consortium based upon defendants' alleged negligence must also fail. Therefore, defendants' motion to dismiss [Doc. 25] will be granted as to plaintiff's loss of consortium claim.

**II.    Conclusion**

For the reasons set forth herein, the Court finds as follows:

1. Plaintiff's Motion for Enlargement of Time to File Motion to Substitute Party Plaintiff [Doc. 29] is **DENIED**;

2. Plaintiff's Motion for Substitution of Party [Doc. 28] is **DENIED**;

3. Defendants' Motion to Strike Plaintiffs' Motion for Substitution of Party [Doc. 34] is **DENIED as moot**; and

4. Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Doc. 25] is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE